## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## WHEELING

**ANDREW W. CASTANEIRA,**

    **Plaintiff,**

v.   Case No. 5:17cv139
    Judge Bailey

**S. ANDREW ARNOLD,** court appointed counsel acting under the color and immunity of West Virginia Code § 29-21-20; **Matthew Yanni**, court appoint counsel acting under the color an immunity of West Virginia Code § 29-21-20; **BERKELY COUNTY PROSECUTING ATTORENEY'S OFFICE; BERKELY COUNTY PROSECUTING ATTORNEY PAMELA JEAN GAMES-NEELEY,** in her official and personal capacity; **ASSISTANT BERKELEY COUNTY PROSECUTING ATTORNEY GREGORY JONES,** in his official and personal capacity; **ASSISTANT BERKELEY COUNTY PROSECUTING ATTORNEY CHIEF DEPUTY PROSECUTING ATTORNEY BEN HILLER,** in his official and personal capacity; **WEST VIRGINIA PUBLIC DEFENDER SERVICE; DANA F. EDDY,** Executive Director of the West Virginia Public Defenders Service in his official and personal capacity; **LORI M. (PETERS) WALLER,** an attorney in the Appellate Advocacy of the West Virginia Public Defenders Service in her official and personal capacity; **BERKELEY COUNTY SHERIFF'S DEPARTMENT**; **JOHN OR JANE DOE,** in their Official and personal capacity; [who] acted in concert or individually to deny Plaintiff his constitutional rights; **TWENTY-THIRD JUDICIAL CIRCUIT PROBATION DEPARTMENT; WEST VIRGINIA OFFICE OF DISCIPLINARY COUNSEL,**

    **Defendants.**

## REPORT AND RECOMMENDATION

On August 31, 2017, the plaintiff, who is proceeding *pro se*, and is incarcerated at Huttonsville Correctional Center filed the instant Complaint. ECF No. 1. On October 2, 2017, the plaintiff was granted leave to proceed *in forma pauperis*. ECF No. 11. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A.[1] A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most

---

[1] The plaintiff is a prisoner who also seeks to proceed *in forma pauperis*. Thus, both statutory provisions are applicable in this case.

favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly,* 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
>
> * * *
>
> In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

Because the plaintiff's Complaint fails to state a claim upon which relief can be granted, the defendants have not been served with process and should not be required to appear or defend this matter.

## **BACKGROUND**[2]

**CONVICTION**

The plaintiff was indicted by a grand jury in the Circuit Court of Berkeley County on three counts of possessing material depicting a minor engaged in "sexually explicit conduct" and "violence against a child," in violation of West Virginia Code § 61-8C-3(a) and -3(d). The plaintiff retained private counsel, Gregory W. Smith, who withdrew from the case due to "a total, complete and unfixable breakdown in [a]ttorney client communications." Thereafter, the circuit court appointed the Public Defender's Office to represent the plaintiff. However, it also withdrew. The circuit court then appointed attorney Andrew Arnold. Eventually, trial was scheduled for September 15, 2015. On September 1, 2015, Mr. Arnold moved to withdraw as counsel, citing a "complete breakdown in the [a]ttorney/[c]lient relationship."

At the September 3, 2015, pre-trial hearing, the circuit court granted Mr. Arnold's motion to withdraw and appointed attorney Matthew Yanni as the plaintiff's counsel. The circuit court also scheduled a hearing for September 9, 2015, to determine whether Mr. Yanni would be ready to proceed to trial on September 15, 2015. Soon thereafter, Mr. Yanni moved to dismiss the plaintiff's indictment.

---

[2] The information in this section is taken from the Memorandum Opinion issued by the West Virginia Supreme Court of Appeals on June 9, 2017, denying the plaintiff's direct appeal and the Order entered by the Circuit Court of Berkeley County on November 2, 2017, denying the plaintiff's Petition for Writ of Habeas Corpus. *See United States v. Rhodes*, No. 8:12-cr-00493-RWT ). *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

.

At the September 9, 2015 hearing, the State voluntarily dismissed two of the three counts of the plaintiff's indictment. The court then offered to continue trial to a later date; however, counsel for both parties stated that they were ready to proceed to trial as scheduled. The plaintiff repeatedly affirmed that he did not want a continuance. However, he did allege that Mr. Yanni's assistance was not effective.

At a September 14, 2015, hearing the day before trial, the plaintiff asked the court to appoint new counsel; however, he repeatedly avowed that he did not want to "waive his speedy trial rights" or to represent himself at trial. The circuit court denied the plaintiff's motion and found that the plaintiff refused a continuance of trial, and Mr. Yanni would remain as trial counsel. The circuit court also found that all four lawyers who had represented the plaintiff were competent members of the West Virginia State Bar.

The plaintiff's trial commenced on September 15, 2015. The State called three witnesses, all of whom were members of the West Virginia State Police's Crimes Against Children Task Force. The plaintiff did not testify, and his trial counsel did not call any other witnesses.

The jury found the plaintiff guilty of possessing material showing a minor engaged in sexually explicit conduct that depicted violence against a child, in violation of West Virginia Code § 61-8C-3(d). By order entered November 19, 2015, the circuit court sentenced the plaintiff to the statutory sentence of not less than five years nor more than fifteen years in prison, sex offender registration for life, and ten years of supervised release.

**APPEAL**

The plaintiff, by counsel Lori M. Waller, appealed his conviction to the West Virginia

Supreme Court of Appeals ("WVSCA"). On appeal, the plaintiff raised seven assignments of error. The plaintiff first argued the jury instruction defining "depicts violence" erroneously allowed the jury to conclude that all sexually explicit material depicts violence against a child. After a thorough review of federal and state law, the WVSCA found that the circuit court did not err in instructing the jury that "material 'depicts violence' if said material depicts that commission of a sexual assault.

In his second assignment or error, the plaintiff alleged that he received ineffective assistance of counsel. The WVSCA declined to address this claim, finding it is properly raised first in a habeas petition which would allow for a fully developed record on the issue.

The plaintiff's last five assignments of error, numbers three through seven, were raised in his reply to the State's responsive pleading pursuant to Rule 10(c)(10(b) of the Rules of Appellate Procedure. In his third assignment of error, the plaintiff challenged the validity of the arch warrant that allowed the police to search his apartment. In his fourth assignment of error, the plaintiff challenged the validity, but not the sufficiency, of the evidence presented against him at trial. In his fifth assignment of error, the plaintiff asserted that his speedy trial rights were "not fully protected." In his sixth assignment of error, the plaintiff asserted that the system for the appointment of counsel to indigent defendants is flawed and unconstitutional. Finally, in his seventh assignment of error, the plaintiff made an additional claim of ineffective assistance of trial counsel.

With respect to the plaintiff's third, fourth, fifth and sixth assignments of error, the WVSCA found that these claims were not raised before the trial, and were therefore, procedurally barred. Accordingly, the WVSCA found that the plaintiff had waived those

6

assignments of error. As to the plaintiff's seventh assignment of error that raised an additional claim of ineffective assistance of counsel, the WVSCA declined to address the same as it did his previous claim of ineffective assistance of trial counsel.

By Memorandum Decision issued on June 9, 2017, the WVSCA affirmed the plaintiff's conviction. It does not appear that the plaintiff filed a petition for writ of certiorari.

**STATE HABEAS**

On August 9, 2017, the plaintiff filed a *pro se* Petition for Writ of Habeas Corpus and a *Pro Se* Motion for a New Trial. Because the Motion for a New Trial consisted of allegations of ineffective assistance of counsel and was essentially identical to allegations raised in the habeas petition, the circuit court construed the Motion as part of the habeas petition.

The plaintiff asserted six grounds for relief in his habeas petition. Specifically, he alleged that his state and/or federal constitutional rights were violated when: (1) he was denied effective assistance of counsel; (2) the trial court committed substantial and prejudicial errors during trial; (3) the State engaged in misconduct during trial; (4) he was denied a speedy trial; (5) his home was subjected to an unreasonable search; and (6) he was subjected to West Virginia's "flawed" and "unconstitutional" system for appointing counsel to indigent defendants. For relief, the plaintiff requested that the circuit court immediately release him from State custody, hold an omnibus evidentiary hearing on the petition, and appoint James Riley, a public defender, to represent him for the remainder of the habeas proceeding.

On November 12, 2017, the circuit court entered an order denying the plaintiff's petition. In so doing, the court concluded that it was clear from the record that he was not

entitled to any relief for his claims and that neither the appointment of counsel nor a hearing would aid the court in reaching its decision.[3] The plaintiff did not appeal the circuit court's order.

## THE PLAINTIFF'S ALLEGATIONS

The instant Complaint, spanning 71 pages, asserts a plethora of allegations which the plaintiff asserts denied him due process and meaningful access to the courts. The complaint calls into question the constitutionality of alleged practices and policies of the West Virginia Supreme Court, the West Virginia Public Defender Services, the West Virginia Division of Corrections, the Twenty-Third Judicial Circuit, the Berkeley County Prosecutor's Offices, the Berkeley County Sheriff's Department, the West Virginia Attorney General's Office and the Twenty-Third Judicial Circuit Probation Department. The plaintiff seeks injunctive and declaratory relief, immediate release from custody on his own recognizance, and appropriate damages.

## ANALYSIS

### A.  The plaintiff's damages claims are presently barred.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or

---

[3] In West Virginia, circuit courts have the discretion to deal with habeas corpus allegations in several different ways, including summary dismissal. *Markley v. Coleman*, 215 W.Va. 729, 733 (2004). The WVSCA has held that:

> A court having jurisdiction over habeas corpus proceedings may [summarily dismiss] a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence therewith show to such court's satisfaction that the petitioner is entitled to no relief.

*Id.*

sentence invalid, a plaintiff suing under 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under section 1983.

In the instant case, to the extent that the plaintiff seeks monetary damages resulting from alleged improprieties during his criminal prosecution, he has not demonstrated that his criminal proceedings have been invalidated.  Therefore, because the plaintiff's allegations bear on the validity of his criminal proceedings, he may not seek damages under section 1983 unless and until he can show that his conviction and sentence have been invalidated.

**D.   Pamela Jean Games-Neeley; Gregory Jones, Christopher Quasebarth Ben Hiller; and Catie Wilkes Delligatti[4] are immune from liability with respect to the plaintiff's claims against them.**

The plaintiff has named Berkeley County Prosecuting Attorney Pamela Jean Games-Neely, Assistant Berkeley County Prosecuting Attorney Gregory Jones, Assistant Berkeley County Prosecuting Attorney Chief Deputy Prosecutor Christopher Quasebarth and Assistant Berkeley County Prosecuting Attorney Ben Hiller as defendants herein.  However, a prosecutor is a "quasi-judicial" officer who enjoys absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions.  In *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993), the Supreme Court reviewed its rulings in

---

[4] The plaintiff did not name Catie Delligatti in the style of the case. However, in the body of the complaint, he lists her as one of 26 defendants. It appears that defendant Delligatti succeeded defendant Games-Neely as the prosecuting attorney for Berkeley County.

cases addressing absolute and qualified immunity of public officials as follows:

> In *Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed.2d 128 (1976), we held that a state prosecutor had absolute immunity for the initiation and pursuit of a criminal prosecution, including presentation of the state's case at trial. * * * We concluded that the common-law rule of immunity for prosecutors was "well settled" and that "the same considerations of public policy that underlie the common-law rule likewise countenance absolute immunity under § 1983." *Id.* at 424, 96 S. Ct., at 992. Those considerations supported a rule of absolute immunity for conduct of prosecutors that was "intimately associated with the judicial phase of the criminal process." *Id.,* at 430, 96 S. Ct., at 995. * * *
>
> We applied the *Imbler* analysis two Terms ago in *Burns v. Reed,* 500 U.S. 478, 111 S. Ct. 1934, 114 L. Ed.2d 547 (1991). There the § 1983 suit challenged two acts by a prosecutor: (1) giving legal advice to the police on the propriety of hypnotizing a suspect and on whether probable cause existed to arrest that suspect, and (2) participating in a probable-cause hearing. We held that only the latter was entitled to absolute immunity. Immunity for that action under § 1983 accorded with the common-la w absolute immunity of prosecutors and other attorneys for eliciting false or defamatory testimony from witnesses or for making false or defamatory statements during, and related to, judicial proceedings. *Id.*, at 489, 111 S. Ct. at 1941-42; *id.*, at 501, 111 S. Ct. at 1947.

509 U.S. at 269-70. "[T]he *Imbler* approach focuses on the conduct for which immunity is claimed, not on the harm that the conduct may have caused or the question whether it was lawful." *Id.,* at 271-72; *see also Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler*, 424 U.S. at 430-431) (Prosecutors are absolutely immune "for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.").

The plaintiff alleges that defendant Jones failed to inform the trial court of what he alleges was personal knowledge of defense trial counsel's deliberate indifference to effective assistance. Accordingly, the plaintiff alleges that defendant Jones committed a violation of the Rules of Professional Conduct by failing to inform the trial court. The plaintiff alleges that defendant Games-Neeley was aware of defendant Jones' actions

10

through various pleadings and testimony and was also aware of the allegations of fraud against defense trial counsel. The plaintiff alleges that as an individual educated and experienced in the law defendant Games-Neeley should have known she was violating his constitutional right to equitable due process. The plaintiff alleges that defendant Quasebarth opposed his motion for a new trial and his request for an evidentiary hearing to place affidavits on the records and did so with a malicious and willfully fraudulent counter argument couched in misapplication of case law. The plaintiff alleges that defendant Hiller has been signatory to malicious and willfully fraudulent pleadings submitted on behalf of the Berkeley County Prosecuting Attorney despite his knowledge from uncontested contradictory evidence then before the court. Finally, plaintiff alleges that defendant Delligatti is aware of the allegations against defendants Jones and Yanni and knew or should have known that she was denying him his constitutional rights to due process.

At best, the plaintiff's allegations against these defendants involve their performance of discretionary decisions related to the prosecution of the plaintiff's criminal case. Accordingly, they are immune under the holding of *Imbler*, because their actions or inactions were "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430.

**E.     Andrew Arnold, Matthew Yanni and Lori M. Waller are not state actors under § 1983.**

The plaintiff has also named his defense counsel, Matthew Yanni and Andrew Arnold as well as his appellate counsel, Lori Waller. The plaintiff asserts that defendants violated his constitutional rights by failing to properly prepare a defense and an adequate

appeal. However, section 1983 of Title 42 of the United States Code, provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. Thus, to successfully establish a section 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a <u>person acting under color of state law</u>." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) [Emphasis added].

It is well-established that an attorney does not act "under color of state law" when retained or court-appointed to represent a criminal defendant. *See Vermont v. Brillon*, 556 U.S. 81 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."); *Polk County v. Dodson*, 454 U.S. 312 (1981); *Hall v. Quillen*, 631 F.2d 1154 (4th Cir. 1980) (" [A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.")

The plaintiff's allegations against these defendants amount to no more than potential claims of ineffective assistance of counsel, which must be addressed through a writ of habeas corpus and are not actions taken under color of state law. Accordingly, the undersigned finds that the plaintiff's Complaint fails to state a claim upon which relief can be granted against these defendants.

      F.    **The Complaint fails to state a claim against Dana F. Eddy.**

The plaintiff has named Dana Eddy as a defendant and identified him as the executive director of the West Virginia Public Defender Service. His sole allegation against defendant Eddy is that he "is an individual educated and experience[d] in the law. Mr. Eddy knew, or should have known, his failure to Ms. Aller's actions—or intercede to protect Plaintiff's rights—were deliberately, willfully, and unconstitutionally denying Plaintiff his basic due process. Accordingly, it appears that the plaintiff has merely named defendant Eddy in his official capacity as the executive director of the Public Defender Service. However, official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 47 U.S. 159, 165 (1985) (citations and quotations omitted). Therefore, suits against state officials in their official capacity should be treated as suits against the state. *Id.* at 166. For the governmental entity to be a proper party of interest, the entity's policy or custom must have played a part in the violation. *Id.* (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978)). Here, the plaintiff has made no allegation that would support such a finding, and therefore, the Plaintiff has improperly named Dana Eddy as a defendant.

> **G.  The Complaint fails to state a plausible claim for relief against the Berkeley County Prosecuting Attorney's Office; Berkeley County Sheriff's Department; Twenty-Third Judicial Circuit Probation Department; West Virginia Office of Disciplinary Counsel; West Virginia Department of Corrections[5].**

The plaintiff has also named the Berkeley County Prosecuting Attorney's Office, Berkeley County Sheriff's Department, the Twenty-Third Judicial Circuit Probation Department, West Virginia Office of Disciplinary Counsel and the West Virginia

---

[5] Although not listed n the style of the plaintiff names the West Virginia Department of Corrections as one of 26 defendants in the body of his complaint.

Department of Corrections as defendants herein.  To state a claim under 42 U.S.C. § 1983, a plaintiff must show that his constitutional rights were violated and that the alleged deprivation was committed by a person acting under the color of law. However, in *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that neither a State, including its agencies, nor its officials acting in their official capacities, are "persons" under § 1983.  Furthermore, pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state.  *Hans v. Louisiana*, 134 U.S. 1, 9 (1980).  Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury.  *Quern v. Jordan*, 440 U.S. 332, 337 (1979).  Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment.  *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984).

Therefore, the undersigned finds that to the extent the plaintiff has named these entities as defendants, he has not named a proper party that can be sued under 42 U.S.C. § 1983. Furthermore, they are immune from liability for monetary damages under the Eleventh Amendment.

**H. Plaintiff's Request For Injunctive and Declaratory Relief**

The plaintiff's claims amount, primarily, to a request for habeas corpus relief, and necessarily call into question the validity of his state court criminal proceedings. However, the plaintiff has not demonstrated that he has exhausted all the available state court

remedies before filing the instant proceeding in federal court[6]; thus, this court cannot presently grant such relief. See 28 U.S.C. § 2254(b)(1)(A). The plaintiff must first exhaust these claims in the state courts either in a direct appeal or in a habeas corpus petition, followed by the appeal thereof.

In *Preiser v. Rodriquez*, 411 U.S. 475 (1973), the 411 U.S. 475 (1973), the Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical confinement, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." 411 U.S. 500. In the instant case, the plaintiff's request for declaratory and injunctive relief amount to a request to grant habeas corpus relief, and necessarily call into question the validity of his conviction. The plaintiff has not exhausted his available state court remedies; thus, this court cannot presently grant such relief. See

---

[6] Title 28, Section 2254 (b)(1)(A) of the United States Code provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." See *Meadows v. Legursky*, 904 F.2d 903 (4th Cir. 1990) (a petitioner cannot petition for writ of habeas corpus in federal court until he has exhausted all of his state remedies), *superseded on other grounds by Trest v. Cane*, 522 U.S. 87 (1997); *see also Mathews v. Evatt*, 105 F.3d 907, 911 (4th Cir.), *cert. denied*, 522 U.S. 833 (1997) (exhaustion of state remedies requires petitioner to fairly present his claims to the state's highest court).

To exhaust state remedies in West Virginia, a prisoner must fairly raise the federal issue on direct appeal from his conviction, *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D.W. Va. 1995), or in a post-conviction proceeding pursuant to West Virginia Code § 53-4A-1 *et seq.*, followed by an appeal to the West Virginia Supreme Court of Appeals. *Bayerle v. Godwin*, 825 F.Supp 113, 114-15 (N.D.W. Va. 1993).

Additionally, Petitioner must show that the claims he raised in the state proceedings are identical to the claims he now seeks to raise in this federal habeas case. See *Pitchess v. Davis*, 421 U.S. 484, 487 (1975); *see also Picard v. Connor*, 404 U.S. 270, 275-76 (1971). The same factual grounds must be raised in support of the claims as well as the same federal (or other) legal theory for relief. *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

28 U.S.C. § 2254(b)(1)(A). Moreover, even if the plaintiff could establish that exhaustion should be excused, he has chosen to pursue a § 1983 action as opposed to a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In addition, although couched as claims for injunctive or declaratory relief, some of the plaintiff's requests amount to requests for mandamus relief.[7] Title 28, United States Code, Section 1361, provides as follows:

> The district court shall have original jurisdiction of any action in the nature of mandamus to compel and officer or employee **of the United States or any agency thereof** to perform a duty owed to the plaintiff.

28 U.S.C. § 1361 [emphasis added.)

A writ of mandamus "will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Central South Carolina Chapter, Soc. of professional Journalists, Sigma Delta Chi v. United States District Court for the District of South Carolina*, 551 F.2d 559, 562 (4th Cir. 1977). To the extent that the plaintiff is seeking mandamus relief, he is asking a federal court to order a state agency or its officials to act in a particular manner. A federal writ of mandamus will not lie to compel a state officer to perform a duty owed to a plaintiff.

## **RECOMMENDATION**

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint (ECF No. 1) fails to state a claim upon which

---

[7] For instance, the plaintiff seeks an order compelling an expedient hearing in state on his motion for new trial as well as an order directing that counsel be immediately appointed for him.

relief can be granted and **RECOMMENDS** that the presiding District Judge **DISMISS** this civil action pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B) and 1915A.

Within 14 days of service of this Report and Recommendation the plaintiff may file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: January 2, 2020

/s James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE